**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| ***Plaintiff*** | § | |
| | § | |
| **v.** | § | **1:26-cr-00148-RP** |
| **MICHAEL FITZGERALD BROOKS,** | § | |
| ***Defendant*** | § | |

**<u>Order On Petition for Action on Conditions of Pretrial Release</u>**

This matter came before the Court on July 16, 2026, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, filed June 29, 2026 ("Petition") (Dkt. 23). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On March 17, 2026, Defendant Michael Fitzgerald Brooks was arrested pursuant to an Indictment charging him with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g). Dkt. 3. The Court ordered him released on conditions on April 6, 2026. Dkt. 18. Trial is set for September 28, 2026. Dkt. 22.

The Petition alleges that on June 28, 2026, Defendant was arrested by officers with the Austin Police Department and charged with Accident Involving Serious Bodily Injury – Felony, 3rd degree. Evidence presented at the hearing showed that Defendant failed to stop and render aid after he struck an Austin police vehicle and a second car while driving his pickup truck.

The Court has considered the Petition, the Pretrial Services Report, and the evidence and arguments presented by counsel for Defendant and for the Government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. §§ 3148(b) and 3148(b)(1)(A), the Court finds that there is probable cause to believe that Defendant committed a

Federal, State, or local felony while on release, raising a rebuttable presumption that no condition or combination of conditions will assure that he will not pose a danger to the safety of any other person or the community.

The Court finds that Defendant has rebutted the presumption by presenting evidence that there are conditions of release that will assure that he will not flee or pose a danger to the safety of the community. The Court also finds that Defendant is likely to abide by the combination of conditions of release because he had remained in compliance with all conditions of release before committing the new offense.

Accordingly, the Court **HEREBY AMENDS** Defendant's Conditions of Release to impose the following additional Conditions:

**(7)(p)(ii)** **Home Detention**. The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorneys visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

**(7)(q)(i)** The defendant must submit to the following location monitoring technology and comply with its requirements as directed: Location monitoring technology as directed by the pretrial services office of supervising officer.

**(7)(u)** The defendant must surrender his driver's license to U.S. Pretrial Services and must not operate any motor vehicle.

Defendant is **ORDERED** to abide by these conditions and all others in the Order Setting Conditions of Release (Dkt. 18) and follow all instructions from Pretrial Services.

The Court **FURTHER ORDERS** that the Petition for Action on Conditions of Pretrial Release (Dkt. 23) is **DENIED** and Defendant is **RELEASED**.

**SIGNED** July 16, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE